By: Pierre E. Simonvil, Esq. (323490)
Uptown Philly Lawyer, Ltd.
2929 Arch Street, Suite 1700
Philadelphia, PA 19104
psimonvil@uptownphillylawyer.com                    *Attorney for Appellant, Algrie Johnson*
(phone) 215-839-6712

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | IN THE EASTERN DISTRICT OF |
| Appellee | : | PENNSYLVANIA |
| | : | |
| | : | DOCKET NO |
| v. | : | |
| | : | STATE DOCKET NO. 1287 CD 2025 |
| ALGRIE M. JOHNSON | : | |
| Appellant | : | Jan Term, 2026 |
| | : | |
| | : | |

## NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT

TO:   THE HONORABLE CLERK OF THE UNITED STATES EASTERN DISTRICT OF PENNYLVANIA COURT

PLEASE TAKE NOTICE that Appellant, Algrie M. Johnson, has removed to the United States Eastern District of Pennsylvania all claims and causes of action in the civil action styled *City of Philadelphia v. Algrie M. Johnson*, Docket No. 1287 CD 2025 (the "State Court Action") now pending in the Commonwealth Court of Pennsylvania pursuant to alleged violations of Philadelphia's Home Rule Charter and Appellant's statutory defenses under 50 U.S.C. §3901 *et seq.* (the "Servicemembers' Civil Relief Act" or "SCRA"). A copy of all process, pleadings and orders served upon appellant to date in the State Court Action are attached hereto as Exhibit A.

Appellant's grounds for removal are as follows:

**1.      Appellant's Defense in This Civil Action is Founded on Protections Afforded to Him Under the Laws of the United States.**

**A.  50 U.S.C. § 3931.** The State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441(a) as appellant's defense raises a federal question arising under the laws of the United States, specifically, the Servicemembers' Civil Relief Act, 50 U.S.C. § 3901 *et seq.* Appellant alleges that the City of Philadelphia violated § 3901 by initiating civil proceedings against him while he was away on active military service. Similarly, the City of Philadelphia violated §3933 of the SCRA when it refused to waive appellant's fines and penalties while he was on a period of active service. Accordingly, this matter presents a federal question, and removal is appropriate under 28 U.S.C. § 1441(a).

**B. 50 U.S.C. § 3991.** In addition to the City's failure to adhere to federal law by initiating proceedings against appellant while he was on military orders, the State Court Action ignored federal law limiting taxes or assessments on servicemembers' real property while on active duty and mandating a 180-day stay of court proceedings after a tour of duty. The SCRA also limits the City's imposition of fines and penalties in this matter under § 3934 and authorizes equitable relief and an award of reasonable attorney's fee for servicemember aggrieved by violation of the Act under §4042.

**2.      This Civil Action is in the Nature of an Action Brought Against the United States or an Officer of the United States.**

The State Court Action is also removable to this Court pursuant to 28 U.S.C. § 1442(a) because it is in the nature of a civil action brought against the United States, an agency or officer

of the United States or a person acting under the direction of a federal officer or agency. Appellant is a Non-Commissioned Officer of the United States Army and was acting under active-duty orders when the City initiated a civil action against him and imposed fines and penalties. As such, appellant was acting under the direction of a federal official or agency, specifically the Department of Defense, within the meaning of 28 U.S.C. § 1442(a). *See Cherokee Nation of Oklahoma v. Leavitt,* 543 U.S. 631 (2005). Accordingly, removal of this matter is appropriate under 28 U.S.C. § 1442(a).

**3.      This Notice of Removal is Timely and Complete and Has Been Properly Served.**

**a.**      Defendant first received notice of this action on March 27, 2023. Judgement was entered by the Court of Common Pleas of Philadelphia County on June 25, 2025. A timely notice of appeal was filed on July 3, 2025, which was subsequently removed to the Commonwealth Court of Pennsylvania on or about October 1, 2025. The notes of testimony and trial court opinion were received by the Commonwealth Court on January 14, 2026, and there is no pending briefing schedule order. As such, this notice is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

**b.**      This Court has personal jurisdiction over the parties.

**c.**      Appellant is the only named defendant in the *Complaint*. All requirements for removal are met. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

**d.**      Appellant has provided written notice of this Notice to counsel of record for the City of Philadelphia. A true and complete copy of this Notice will be filed in the State Court Action.

Respectfully,

Dated: January 16, 2026                    **UPTOWN PHILLY LAWYER LTD.**

**By:**     /**s**/ Pierre E. Simonvil
Pierre E. Simonvil, Esquire
Uptown Philly Lawyer, Ltd.
2929 Arch Street, Suite 1700
Philadelphia, PA 19104
psimonvil@uptownphillylawyer.com
215-839-6712 (phone)

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | IN THE EASTERN DISTRICT OF |
| Appellee | : | PENNSYLVANIA |
| | : | |
| | : | DOCKET NO |
| v. | : | |
| | : | STATE DOCKET NO. 1287 CD 2025 |
| ALGRIE M. JOHNSON | : | |
| Appellant | : | Jan Term, 2026 |
| | : | |
| | : | |

## **CERTIFICATE OF SERVICE**

I, Pierre E. Simonvil, Esquire, on behalf of the Appellant, hereby certify that I am this day

serving a true and correct copy of the foregoing Notice of Removal of State Court Action to the

United States District Court, in the manner set forth below to the following:

Hon. Anne Marie B. Coyle, J.                    Jennifer MacNaughton, Esq., DCS
Philadelphia Court of Common Pleas         Philadelphia Law Department
1413 Stout Justice Center                        1515 Arch St, Ste 15
1301 Filbert Street                                  Philadelphia, PA 19102
Philadelphia, PA 19107                           jennifer.macnaughton@phila.gov
*Via e-filing*                                          *Via electronic mail and e-filing*


Respectfully,


Dated: January16, 2026                          **UPTOWN PHILLY LAWYER LTD.**

                                                            **By:**     /s/ Pierre E. Simonvil
                                                                        Pierre E. Simonvil, Esquire
                                                                        *Counsel for Appellant, Algrie M. Johnson*

# EXHIBIT A

CITY OF PHILADELPHIA, LAW DEPARTMENT
By: Michael Rullo, Assistant City Solicitor
Attorney Identification No. 323667
1515 Arch Street - 15th Floor
Philadelphia, PA 19102-1595
Michael.Rullo@phila.gov
(215) 683-5118



*Filed and Attested by the Office of Judicial Records 30 JAN 2023 10:45 am D. KIM*

| | | |
|---|---|---|
| CITY OF PHILADELPHIA, | : | COURT OF COMMON PLEAS |
|       Plaintiff, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
|   v. | : | |
| | : | |
| ALGRIE M. JOHNSON | : | _____ TERM, 2022 |
| 6820 COBBS CREEK PARKWAY | : | |
| PHILADELPHIA, PA 19142 | : | |
|     and | : | NO. _____ |
| 26 E. WALNUT LANE | : | |
| APT 2 | : | |
| PHILADELPHIA, PA 19144 | : | |
|       Defendant. | : | |

## NOTICE TO DEFEND

You have been sued in court, if you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you in the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL and INFORMATION SERVICE ONE READING CENTER PHILADELPHIA, PA 19107 (215) 238-6333**

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plaza al partir del fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si used no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notifcacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas la provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**SERVICIO DE REFERENCIA E LEGAL**

**ONE READING CENTER**
**FILADELFIA, PA  19107  (215) 238-6333**

2

Case ID: 230102907
Control No.: 23015040

CITY OF PHILADELPHIA, LAW DEPARTMENT
By: Michael Rullo, Assistant City Solicitor
Attorney Identification No. 323667
1515 Arch Street - 15th Floor
Philadelphia, PA 19102-1595
Michael.Rullo@phila.gov
(215) 683-5118

| | | |
|---|---|---|
| CITY OF PHILADELPHIA, | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | PHILADELPHIA COUNTY |
| | : | CIVIL TRIAL DIVISION |
| v. | : | |
| | : | |
| ALGRIE M. JOHNSON | : | _____ TERM, 2022 |
| 6820 COBBS CREEK PARKWAY | : | |
| PHILADELPHIA, PA 19142 | : | |
| and | : | NO.   _____ |
| 26 E. WALNUT LANE | : | |
| APT 2 | : | |
| PHILADELPHIA, PA 19144 | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff, City of Philadelphia, by its undersigned counsel, respectfully applies to this Court for an order compelling the above-named Defendant(s) to correct all violations of the Philadelphia Code at the premises located at 6280 Cobbs Creek Parkway, Philadelphia Pennsylvania 19142 for which notice has been given or in the alternative for the City to able to abate the violations and for an order imposing statutory fines and reinspection fees as are authorized under the Philadelphia Code.  In support of the City's request, the City represents that:

1.     Plaintiff, City of Philadelphia, is a municipal corporation of the first class of the Commonwealth of Pennsylvania under the Act of April 21, 1949, P.L. 665, §1, et seq.

2.     Defendant, Algrie M. Johnson, is the owner of record, and otherwise responsible party (hereinafter "Defendant") for the premises located at 6280 Cobbs Creek Parkway,

Case ID: 230102907
Control No.: 23015040

Philadelphia Pennsylvania 19142 with the OPA Account No. 403227700 (hereinafter "subject premises").

3. Defendant, Algrie M. Johnson, is an adult individual who maintains the address of 6280 Cobbs Creek Parkway, Philadelphia Pennsylvania 19142.

4. The mailing address for the OPA Account associated with the subject premises is 6280 Cobbs Creek Parkway, Philadelphia Pennsylvania 19142.

5. Defendant, Algrie M. Johnson, also maintains an address at 26 E. Walnut Lane, Apt 2, Philadelphia, PA 19144.

6. As provided by the Home Rule Charter and the Philadelphia Code, it is the duty of the Department of Licenses and Inspections (hereinafter "Department") to inspect premises in the City of Philadelphia to determine compliance with the requirements of the Philadelphia Code, issue notices of violation to individuals who are not in compliance with the Philadelphia Code, and to initiate legal actions against individuals in violation of the Code. *See* Home Rule Charter § 5-1000 *et seq.*; *see also* Phila. Code §§ A-201, A-202 *et seq.*, A-401 *et seq.*, A-501.1; A-502 *et seq.*; and A-503 *et seq.*

<u>NOTICE OF VIOLATION NUMBER CF-2022-049265</u>

7. The Department inspected the subject premises on or about May 25, 2022.

8. The Department determined that said premises was in violation of the Administrative Code ("A"), and the Property Maintenance Code ("PM") of the Philadelphia Building Construction and Occupancy Code, Title 4 of the Philadelphia Code of General Ordinances due to the conditions cited Initial Violation Notice CF-2022-049265 dated May 26, 2022, a copy of which is attached as Exhibit "A." The violations listed in Exhibit "A" are incorporated herein by reference as if fully set out at length.

Case ID: 230102907
Control No.: 23015040

9.      Subsequently, on or about May 26, 2022, the Department, in accordance with the requirements of Philadelphia Code Sections 1-110 and A-502 *et seq.*, sent an Initial Violation Notice and Order to Defendant, ordering the timely correction of the violations of the subject premises by Defendant.  *See* Exhibit A.

10.     On July 11, 2022, the Department re-inspected the subject premises and discovered that the above-mentioned violations had not been corrected.

11.     On July 12, 2022, the Department served a Final Warning for those violations which were previously cited but remained uncorrected. A copy of the Final Warning dated July 11, 2022, is attached hereto as Exhibit "B" and is incorporated herein as if fully set forth at length.

12.     The Initial Notice of Violation informed Defendant of their right to file an appeal within thirty (30) days from the date of the notice.

13.     Defendant(s) did not file an appeal to the Boards Administration from the issuance of any of the Violation Notices attached as Exhibit A and Exhibit B.

14.     As Defendant has not availed themself of the administrative remedies provided in the Philadelphia Home Rule Charter and Section 800 of the Administrative Code, sub-code of Title 4, The Building Construction and Occupancy Code, Defendant is precluded from challenging the violations and/or notice of violation in this action.  *See Gans v. City of Phila.*, 403 A.2d 168, 171 (Pa. Cmwlth. 1979).

15.     To date, the violations cited in Case No. CF-2022-049265 have not been corrected.

**COUNT I**
**STATUTORY FINES**

16.     The averments set forth above are incorporated as if fully set forth herein.

17.     Pursuant to Section 601 of the Administrative Code of Building Construction and Occupancy Code of the Philadelphia Code, Title 4 of the Philadelphia Code when no timely appeal

Case ID: 230102907
Control No.: 23015040

is filed a statutory fine shall be imposed for each offense for each day it continues after the time to correct has passed. Phila. Code §§ A-601.4, A-601.5, and A-601.6.

18.     Pursuant to Section 601 of the Administrative Code of Building Construction and Occupancy Code of the Philadelphia Code, Title 4 of the Philadelphia Code, any person who violates any provision of the Philadelphia Code "shall be subject to a [minimum] fine of $300.00 for each offense."  Phila. Code § A-601.1.

19.     Pursuant Philadelphia Code Section 1-109(2), Class II violations committed on or after January 1, 2006 are subject to a maximum $1,000.00 fine for each offense.

20.     Pursuant Philadelphia Code Section 1-109(3), Class III violations committed on or after January 1, 2009 are subject to a maximum $2,000.00 fine for each offense.

<u>Statutory Fines and Notice of Violation CF-2022-049265</u>

21.     Violations of PM15-304.1 (g) and A-304.1/1, as cited in Violation Case CF-2022-049265, are Class I violations/offenses.

22.     Violations of PM15-108.1, as cited in Violation Case CF-2022-049265, are Class III violations/offenses.

23.     Violation Notice CF-2022-049265 had a correct by date of June 29, 2022. *See* Exhibit A.

24.     The Department last inspected the violations contained in Violation Notice CF-2022-049265 on July 11, 2022, and none of the violations cited were complied.

25.     From June 29, 2022, to July 11, 2022, including the end date, is 13 days.

26.     For Violation Notice CF-2022-049265, the total statutory fine being sought is $33,800.00 ((2 Class I violations x $300 x 13 days/offense) + (1 Class III violations x $2,000 x 13 days/offense)).

6

Case ID: 230102907
Control No.: 23015040

WHEREFORE, Plaintiff seeks a judgment against Defendant in the amount of **$33,800.00** for statutory fines pursuant to the Philadelphia Code.

## COUNT II
## REINSPECTION FEES

27.     The averments set forth above are incorporated as if fully set forth herein.

28.     Pursuant to Philadelphia Code Section A-901.12.2, the City of Philadelphia is entitled to reinspection fees "for all second and subsequent reinspections" when the Department "determines that a condition previously found not in compliance with [the Philadelphia Code] …continues not to be in compliance."

29.     The City of Philadelphia is authorized to charge $100 for the second reinspection, $200 for the third reinspection, and $350 for the fourth and all subsequent re-inspections. Philadelphia Code § A-901.12.2.

<u>Reinspection fees for Notice of Violation CF-2022-049265</u>

30.     As of December 28, 2022, for Violation Case No. CF-2022-049265, the Department re-inspected the subject premises on or about July 11, 2022 and at each reinspection discovered that the above-mentioned violations had not been corrected.

31.     Pursuant to Philadelphia Code Section A-901.12.2, Defendant is responsible for $100.00 of re-inspections fees for Violation Case No. CF-2022-049265.

WHEREFORE, Plaintiff seeks a judgment against Defendant in the amount of **$100.00**.

## COUNT III
## COMPLIANCE/REMEDIATION OF CODE VIOLATIONS

32.     The averments set forth above are incorporated as if fully set forth herein.

33.     Pursuant to Section 105 of the Administrative Code, Defendant is responsible for maintaining the subject premises in accordance with the provisions of the Philadelphia Code.

Case ID: 230102907
Control No.: 23015040

34.     Pursuant to Section 503.1 of the Administrative Code, after the time for compliance has expired, if the violation(s) still exists the City may take legal action requiring the correction or removal of the violation(s) by the responsible party and/or to prevent the use of the premises/structure or further work at the premises.

35.     Pursuant to Section 503.2 of the Administrative Code, after the time for compliance has expired and if the violations are not complied, the Department is authorized to correct the violations itself or by contract.

36.     Pursuant to Section 503.2 of the Administrative Code, if the Department, by itself or by contract, corrects the violation the Department, in addition to all other penalties, is authorized to charge the responsible party for the costs of the remediation/abatement and an additional administrative charge.

37.     The current administrative charge is twenty-one percent (21%) of the cost of the remediation/abatement.

Abatement of Violations cited in Notice of Violation CF-2022-049265

38.     Compliance of the violations contained in Notice of Violation CF-2022-049265 was due by June 29, 2022.

39.     As of the date of this filing the violations are not complied.

WHEREFORE, Plaintiff, City of Philadelphia, respectfully prays that this Honorable Court grant an order granting the following relief:

(a)     an order authorizing the Department to conduct an interior inspection to determine if there are additional violations;

(b)     an order directing Defendant to correct all violations included in Notice(s) of Violation CF-2022-049265;

Case ID: 230102907
Control No.: 23015040

(c)      an order permitting the City to inspect the subject premises to determine

whether Defendant has corrected all violations in Notice(s) of Violation CF-2022-049265;

(d)      an order permitting the City to abate the violations in Notice(s) of Violation

by demolition of the structure located on the subject premises and thereafter collect costs

by invoice, lien and/or judgment; and

(e)      grant such other relief as this Court deems appropriate.


Respectfully Submitted:

                    DIANA P. CORTES
                    CITY SOLICITOR

                    JOANNA KLEIN
                    CHIEF DEPUTY CITY SOLICITOR

BY:___/s/_____

                    MICHAEL RULLO
                    ASSISSTANT CITY SOLICITOR

                    Attorneys for Plaintiff
                    City of Philadelphia

9

Case ID: 230102907
Control No.: 23015040

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| **CITY OF PHILADELPHIA** | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | CIVIL TRIAL DIVISION |
| | : | |
| v. | : | JANUARY TERM, 2025 |
| | : | |
| **ALGRIE M. JOHNSON** | : | No.    02907 |
| Defendant. | : | |

**FINAL ORDER FOR JUDGMENT ON COUNTS II AND
PERMANENT INJUNCTION ON COUNT III**

**AND NOW**, this 24th day of June, 2025, upon consideration of the Complaint filed by the

City of Philadelphia ("**City**"), all responses and pleadings thereto, and the trial held on June 25,

2025, the Court **FINDS** that:

1.      The March 19, 2024 Order to Enter and Comply is hereby incorporated by reference

as if fully set forth herein.

2.      The Defendant ("**Defendant**") is the owner of the property and structure located at

6820 Cobbs Creek Parkway, Philadelphia, Pennsylvania ("**Subject Premises**") and is responsible

for maintaining the Subject Premises in accordance with the Philadelphia Code.

3.      On May 26, 2022, the Department of Licenses and Inspections (the "**Department**")

sent Notice of Violation No. CF-2022-049265 (the "**Notice**") to the Defendant citing violations of

the Philadelphia Code at the Subject Premises.

4.      The Notice: (1) informed the Defendant of the existence of violations of Title 4 of

The Philadelphia Code of General Ordinances at the Subject Premises (the "**Code**"); (2) informed

the Defendant that the Department determined the Subject Premises was "Unsafe"; (3) alerted the

Defendant of their right to appeal these violations and the Notice; (4) ordered the Defendant to

correct all violations cited in the Notice prior to Jun 29, 2022; and (5) informed the Defendant that

failure to correct the violations would subject the Defendant to statutory fines and corrective abatement action by the Department.

5.    The Defendant did not file an administrative appeal with the Board of Licenses and Inspections Review or Boards Administration.

6.    The City filed its Complaint in the Philadelphia Court of Common Pleas on January 30, 2023.

7.    The City's Complaint sought: statutory fines of $33,800.00 for fines that accrued from June 29, 2022 to July 11, 2022 as a result of the violations cited at the Subject Premises, calculated as follows: (2 Class I/Basic violations * $300.00 * 13 days/offenses) + (1 Class III violations * $2,000.00 * 13 days/offenses); and related reinspection fees of $100.00 for completed reinspection.

8.    The City's Complaint also sought equitable relief requesting an order authorizing an interior inspection, an order to correct all violations in the Notice, and an order permitting the City to inspect the Subject Premises to determine whether Defendant has corrected all violations in the Notice.

9.    The Defendant filed an Answer to the City's Complaint on December 5, 2024.

10.    A trial was held before this Court on June 12, 2025.

11.    The evidence presented by the City of Philadelphia at the trial is deemed credible.

12.    The Defendant failed to obtain all the necessary permits that would abate the violations and conditions cited at the Subject Premises.

13.    The Subject Premises remains "Unsafe" as defined by the Philadelphia Code. *See* Phila. Code § PM-108.1 (an unsafe structure is "one that is found to be dangerous to the life, health, property or safety of the public or the occupants of the structure by not providing minimum

- 2 -



safeguards to protect or warn occupants in the event of fire, or because such structure contains unsafe equipment or is so damaged, decayed, dilapidated, structurally unsafe or of such faulty construction or unstable foundation, that partial or complete collapse is possible.")

14.     The Department's Contractual Services Unit Inspector testified credibly, at the June 25, 2024 hearing, that the Subject Premises remains Unsafe and presents a continuous dangerous condition because of the following:

   (a) Fractured side and rear exterior walls;

   (b) Length of time out of compliance;

   (c) Fractures covered with stucco without provision of an engineer report approving the work;

   (d) Evidence of fractures and other damage in the basement walls.

15.     At each reinspection of the Subject Premises, the violations were uncorrected.

16.     Pursuant to § 601 of the Administrative Code, when no timely appeal is filed, a statutory fine shall be imposed for each offense for each day it continues after the time to correct has passed. Phila. Code §§ A-601.4, A-601.5, and A-601.6.

17.     Any person who violates any provision of the Philadelphia Code "shall be subject to a [minimum] fine of $300.00 for each offense." Phila. Code § A-601.1.

18.     Class III violations committed on or after January 1, 2009 are subject to a maximum $2,000.00 fine for each offense. Phila. Code § 1-109(3).

19.     The statutory fine imposed by this Order is warranted and the fine is deemed proportional to the gravity of the offense that it is designed to punish, after weighing all mitigating and aggravating factors – including the history and character of the Defendant, the nature and



circumstances of the offense, and the Defendant's attitude. *See City of Philadelphia v. Neely*, 263 A.3d 72 (Pa. Cmwlth. 2021); *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).

20.    Pursuant to Philadelphia Code § A-901.12.2, the City of Philadelphia is entitled to reinspection fees "for all second and subsequent reinspections" when the Department "determines that a condition previously found not in compliance with [the Philadelphia Code] …continues not to be in compliance."

21.    The City of Philadelphia is authorized to charge $100.00 for the second reinspection, $200.00 for the third reinspection, and $350.00 for the fourth and all subsequent re-inspections. Philadelphia Code § A-901.12.2.

**WHEREFORE**, as to **Count I (Statutory Fines)** the City, at the bar of the Court, withdrew this count without prejudice.

**WHEREFORE**, this Court **ORDERS** as to **Count II (Reinspection Fees)** of the Complaint:

22.    As to **Count II**, the Court finds in favor of the City of Philadelphia and imposes **$3,100.00** against the Defendant for reinspection fees related to reinspections of the Subject Premises.

**WHEREFORE**, this Court **ORDERS**, consistent with the agreement of the parties as to **Count III (Compliance/Remediation of Code Violations)** of the Complaint:

23.    The City is entitled to injunctive relief because it established: (1) the right to relief is clear; (2) the relief is necessary to prevent an injury which cannot be compensated by damages; and (3) greater injury will occur from refusing the injunction than from granting it. *First Philadelphia Preparatory Charter Sch. v. Commonwealth Dep't of Educ.*, 179 A.3d 128, 133 (Pa.

- 4 -



Cmwlth. 2018); quoting, *Mazin v. Bureau of Pro. & Occupational Affs.*, 950 A.2d 382, 389 (Pa. Cmwlth. 2008).

24.    Compliance is a necessary remedy as the Subject Premises constitute a nuisance and continues to endanger the health, welfare, and safety of the public.

25.    Defendant shall complete work under the existing make-safe permit and comply all violations cited in the Notice within thirty (30) days of this Order, as compliance is a necessary remedy as the Subject Premises constitute a nuisance and continues to endanger the health, welfare, and safety of the public.

26.    Defendant shall provide the Department with access to the interior of the subject premises within thirty (30) days in order to inspect the premises and assess the safety of the structure.

27.    The Defendant shall thereafter continue to allow the subject premises to be inspected by the Department to determine whether all violations of the Philadelphia Code have been brought into compliance with the same.

28.    The terms of this Order shall be binding on the Defendant, their agents, lessees, heirs, assigns, successors in interest, and all persons acting in or for the Defendant's behalf or occupying the Subject Premises.

29.    Pursuant to Pa.R.C.P. 227.1, prior to appealing this Order, parties must submit a motion for post-trial relief. Any grounds not specified in post-trial motions shall be deemed waived on appellate review. The motion for post-trial relief must be filed within ten (10) days of the filing of this Order.

30.    This Court imposes sanctions upon the Defendant for knowingly and intentionally violating the Order of Court entered on March 19 2024 in the instant matter and for obstructing and impeding the lawful inspection conducted as referenced in the testimony in June 2024 in the total amount of $5000.00.

31. This is a **FINAL ORDER**.

BY THE COURT: